CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
September 16, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JODIE PENNIX, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26-cv-00692 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| APPOMATTOX CO. POLICE DEPT., | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff Jodie Pennix, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendant the Appomattox Co. Police Dept. (*See* Compl. [ECF No. 1].) This matter is before the court for screening under 28 U.S.C. § 1915A. For the following reasons, Plaintiff's allegations fail to state a claim.

In his complaint, Plaintiff states as follows:

> An individual came to my residence and started shooting at the house after trying to break in. Someone in my home called 911. They [*sic*] suspect fled. The police were called at the time of the shooting but they didn't respond to the home for at least 1/hr. This happened in Appomattox Co. I feel as though my life was put in jepody [*sic*] by them not responding in the appropriate amount of time.

(Compl. at 5.)

Before or soon after docketing, the court must review the complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Following its review, the court must dismiss the complaint, or any portion thereof, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). In assessing whether a prisoner complaint fails to state a claim for purposes of § 1915A, the court applies the same standard as under

Federal Rule of Civil Procedure 12(b)(6). *See Fields v. Fed. Bureau of Prisons*, 109 F.4th 264, 267(4th Cir. 2024) (citations omitted), *rev'd on other grounds*, 606 U.S. 942 (2025). The court therefore accepts all well-pleaded factual allegations as true and draws all reasonable inferences in Plaintiff's favor and asks whether those allegations state a plausible claim for relief. *See id.*; *Hodges v. Meletis*, 109 F.4th 252, 259 (4th Cir. 2024) (citations omitted).

Further, when a prisoner files his complaint *pro se*, the court construes the allegations in his favor liberally and should not dismiss his claim unless "it appears certain that [he] cannot prove any set of facts in support of his claim entitling him to relief." *Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023) (quoting *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017)). Similarly, when an action implicates civil rights interests, the court "must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (cleaned up).

Plaintiff's claims arise, if at all, under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)). Importantly, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Here, even liberally construing Plaintiff's complaint in his favor, Plaintiff has

failed to allege facts that would show that any defendant violated his constitutional rights, and the court must therefore dismiss his claims.

As noted, Plaintiff has sued the "Appomattox Co. Police Dept."[1] (*See* Compl. at 1.) But this Defendant is not a "person" subject to suit under § 1983. *Santiago v. Lynchburg Police Dep't*, No. 7:23-cv-00281, 2024 WL 542414, at *2 (W.D. Va. Feb. 12, 2024) ("[I]n Virginia, police departments are not persons amenable to suit under § 1983"); *Young v. Perry*, No. 4:16-cv-00060, 2017 WL 836036, at *3 (W.D. Va. Mar. 2, 2017) ("Because the Henry County Sheriff's Office is not a 'person,' it cannot be sued under § 1983"); *see also Thompson v. City of Danville, Va.*, No. 4:10-cv-00012, 2011 WL 2174536, at *4 (W.D. Va. June 3, 2011) ("Local police and sheriff's departments in Virginia are 'non suis juris,' meaning they simply do not have the capacity to be sued").

Moreover, Plaintiff has failed to plead sufficient facts to state an actionable claim. As noted, Plaintiff claims that the police did not promptly respond to his 911 call. But this, standing alone, does not show that his constitutional rights were violated. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989) ("As a general matter, . . . a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."); *see also Robinson v. City of Seattle*, No. 24-cv-377, 2024 WL 2133713, at *2 (W.D. Wash. May 10, 2024) (allegations that the "Seattle Police did not respond to [the plaintiff's] third 911 call . . . [were insufficient to show] a constitutional violation under Section 1983"). As Plaintiff has failed to adequately state any claims against Defendant, the court will dismiss this action.

[1] It is not clear whether Plaintiff intended to sue the "Appomattox Co. Police Dept." or the Sheriff's Office for Appomattox County.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 16th day of September, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE